IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABRAHAM M. RAMIREZ, )<br>)<br>Defendant. )<br>                                                              ) | No.  07-10125-01-WEB |

## Memorandum and Order

The defendant Abraham Ramirez pled guilty to Count One of the Indictment, which charged that he knowingly and with intent to deceive Countrywide Home Loans falsely represented a number to be the Social Security Number assigned to him by the Commissioner of Social Security, when in fact he knew the number was not assigned to him. The matter came before the court on the defendant's objection to the Presentence Report and his motion for a variance.  The court ruled orally on these matters at the sentencing hearing of January 17, 2008. This written memorandum will supplement the court's oral ruling.

I. *Objection*.

Defendant objected to ¶ 32 of the PSR on the grounds that it improperly included an enhancement for using a means of identification unlawfully to obtain another means of identification.  *See* USSG § 2B1.1(b)(10)(C)(i).  The PSR applied the enhancement based on a finding that defendant used the Social Security number of another person to obtain a loan account number.  Defendant's objection pointed out that he had not admitted any such fact at the time of his plea and further asserted that the discovery provided by the Government did not

include such a fact.  The Government's response to the objection stated that although Mr. Ramirez had not admitted this fact at his plea, the number was in fact assigned to an actual person and the enhancement was therefore appropriate.  The Government's response further stated that it would request a sentence at the low end of the appropriate guideline range as determined by the court.

At the sentencing hearing on January 17, 2008, the defense conceded that the Social Security number used by the defendant to obtain the loan belonged to another person.  Based on this admission and the uncontroverted facts concerning the loan, the court concluded that the defendant's conduct gave rise to the enhancement.  Under the guidelines, the enhancement applies if a defendant unlawfully used a means of identification to obtain any other means of identification.  Section 1028 of Title 18 defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual..."  The notes to USSG § 2B1.1 indicate that using someone else's social security number to obtain a loan account can qualify for this enhancement.  The example cited is where a defendant uses someone else's name and social security number and "obtains a bank loan in that individual's name."  USSG § 2B1.1, comment. n. 9(C)(ii)(I).  In this instance, the defendant used a Social Security number that he knew was not assigned to him to obtain a loan in his own name.  The Social Security number was in fact assigned to another person, although there is no evidence defendant was aware of that fact.  Nevertheless, because the loan account number was obtained using this other person's actual Social Security number, the loan account number appears to meet the broad definition of a "number that may be used ... in conjunction with other information, to identify a specific individual" – namely, the person whose Social

Security number is associated with the loan account number.  *Cf. United States v. Melendrez*, 389 F.3d 829, 833-34 (9th Cir. 2004) (defendant's use of social security number of actual person together with fictitious name qualified for enhancement); *United States v. Oates*, 427 F.3d 1086, 1090 (8th Cir. 2005).  Accordingly, the Presentence Report correctly applied the enhancement, and the defendant's advisory guideline range is 6-12 months.

    II.  *Motion for Variance*.

One day prior to sentencing, defendant filed a motion for a variance arguing that a sentence of probation was warranted under the factors in 18 U.S.C. § 3553(a).  Among other things, the motion argued there was no evidence that the defendant knew the Social Security number belonged to another person.  It further stated that he told the mortgage company and his real estate agent that he did not have a genuine Social Security number but was told by them to use the false number.  The motion notes that defendant is out on a bond through BICE, and states that defendant's intent is to attempt to stay with his family in the United States and to contest deportation.  It states that a sentence of incarceration could affect his immigration status.  The motion argues that a sentence of probation is warranted.

At the sentencing hearing, defense counsel reiterated the foregoing arguments for probation.  Additionally, counsel for the Government recommended the court consider a sentence of probation or of time served, noting that the defendant had been straightforward and honest with law enforcement agents when questioned in this case and had appeared for all court hearings as required.

The court finds, based on the factors in Section 3553(a), that a sentence at the low end of the advisory guideline range is appropriate in this case.  Although the defendant may not have

intended to use someone else's Social Security number, he knew the number he was using was not assigned to him, and he should have been aware that it might belong to someone else.  Thus, while he may not have specifically intended to use another person's identification, he was willing to use a number that might well be assigned to someone else – and in fact was.  The result of the offense was that he obtained a significant loan associated with another person's Social Security number.  The court recognizes that defendant has no prior criminal history to speak of,  and he appears to have been gainfully employed and has supported his family while he has been in this country.  He was also honest and candid with law enforcement when the offense was detected.  These factors weigh toward a lesser sentence.  But the court concludes that the need to deter such conduct, to avoid unwarranted disparities among defendants convicted of similar offenses, and to reflect the seriousness of using someone else's identifying information in this manner, require a sentence at the low end of the advisory guideline range.

III.  *Conclusion*.

Defendant's objection to the Presentence Report and his Motion for Variance (Doc. 14) are DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   18th   Day of January, 2008, at Wichita, Ks.


s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge